IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VISHAL ENTERPRISE | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2564 |
| | § | |
| SAM WILSON d/b/a WILSON OILFIELD SERVICES | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

**VISHAL ENTERPRISE'S ORIGINAL ANSWER TO SAM WILSON
D/B/A WILSON OILFIELD SERVICES' COUNTERCLAIM**

Plaintiff/Counter-Defendant Vishal Enterprise ("Vishal" or "Counter-Defendant") files this Original Answer to Sam Wilson d/b/a Wilson Oilfield Services' ("Wilson" or "Counter-Plaintiff") Counterclaim [Dkt. 8] and will show as follows:

**I.
RESPONSES TO INDIVIDUAL PARAGRAPHS**

1. Counter-Defendant denies the allegations contained in paragraphs 43 through 45.

2. Counter-Defendant admits the allegations contained in paragraph 46.

3. Upon information and belief, Counter-Defendant admits the allegations contained in paragraph 47.

4. Counter-Defendant admits the allegations contained in paragraph 48.

5. Counter-Defendant denies the allegations contained in paragraph 49. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division.

6. Counter-Defendant admits that the dispute arises out of an agreement to construct an oil rig. Counter-Defendant denies the remaining allegations contained in paragraph 50.

7. Counter-Defendant admits that the parties met on December 6, 2010 in Texas and that Counter-Plaintiff agreed to construct an oil rig for $1,300,000. Counter-Defendant denies the remaining allegations contained in paragraph 60 [a].

8. The allegations contained in paragraph 61 materially misrepresent the terms and conditions of any agreement between the parties and on that basis Counter-Defendant denies the allegations contained in paragraph 61.

9. In response to the first paragraph numbered 62, Counter-Defendant admits that it made payments to Counter-Plaintiff on the dates and in the amounts listed. Counter-Defendant denies the remaining allegations contained in the first paragraph numbered 62.

10. Counter-Defendant denies the allegations contained in the second paragraph numbered 62.

11. Counter-Defendant denies the allegations contained in paragraph 63.

12. Counter-Defendant denies the allegations contained in paragraph 64.

13. Counter-Defendant denies the allegations contained in paragraph 65.

14. Counter-Defendant admits that Counter-Plaintiff sent the correspondence referenced in paragraph 66, but denies the substance of the allegations contained therein and the remainder of the allegation contained in paragraph 66.

15. Counter-Defendant admits that the payments were made on the dates and in the amounts listed, but denies the remaining allegations contained in paragraph 67.

---

[a] The Original Counterclaim does not include paragraphs 51 through 59.

16. Counter-Defendant denies the allegations contained in paragraph 68.

17. In response to the first sentence of paragraph 69, Counter-Defendant incorporates by reference its response to each of the preceding paragraphs. Counter-Defendant denies the remaining allegations in paragraph 69

18. Counter-Defendant denies the allegations contained in paragraph 70.

19. Counter-Defendant denies the allegations contained in paragraph 71.

20. In response to the first sentence of paragraph 72, Counter-Defendant incorporates by reference its responses to each of the preceding paragraphs. Counter-Defendant denies the remaining allegations contained in paragraph 72.

21. Counter-Defendant denies the allegations contained in paragraph 73.

22. Counter-Defendant denies the allegations contained in paragraph 74.

23. Counter-Defendant denies the allegations contained in paragraph 75.

24. Counter-Defendant denies the allegations contained in paragraph 76.

25. Counter-Defendant denies the allegations contained in paragraph 77.

26. Counter-Defendant denies the allegations contained in paragraph 78.

27. Counter-Defendant denies that Counter-Plaintiff is entitled to recover any of the relief set forth in Counter-Plaintiff's prayer.

## II.
## AFFIRMATIVE DEFENSES

28. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Counter-Defendant sets forth the following affirmative defenses:  fraud, fraudulent inducement, estoppel, waiver, payment, prior material breach, ratification, unclean hands, nonperformance of conditions precedent, unreasonable delay, and offset.

29. Vishal further asserts that for some or all of the claims asserted by Plaintiff, Plaintiff has not suffered or incurred any damage.

30. Vishal further asserts that, to the extent Plaintiff has suffered damages, those damages were caused by the acts or omissions of Plaintiff.

31. Vishal further asserts that Plaintiff has failed to mitigate any alleged damages.

## V.
## PRAYER

Vishal, having fully answered the allegations contained in Wilson's Original Counterclaim, requests that the Court do the following:

    a. Render judgment that Wilson take nothing in this suit;

    b. Dismiss Wilson's suit with prejudice, assessing all costs against Wilson;

    c. Award Vishal such other and further relief to which it may be justly entitled.

Respectfully submitted,

**LANGLEY WEINSTEIN LLP**

By: */s/ Gregory M. Weinstein*
Gregory M. Weinstein
State Bar No. 21096430
Dennis C. Sauter, Jr.
State Bar No. 24033163
901 Main Street, Suite 600
Dallas, Texas 75202
Telephone: 214.722.7160
Facsimile: 214.722.7161

**ATTORNEYS FOR PLAINTIFF VISHAL ENTERPRISE**

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the forgoing document has been served in accordance with the Federal Rules of Civil Procedure to all counsel of record identified below on this 26th day of August 2013.

    Monte J. White
    Monte J. White & Associates, PC
    1106 Brook Ave.
    Wichita Falls, Texas 76301

                                                 */s/ Dennis C. Sauter, Jr.*
                                                   Dennis C. Sauter, Jr.