IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VISHAL ENTERPRISE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2564 |
| | § | |
| SAM WILSON d/b/a WILSON OILFIELD SERVICE | § | |
| | § | |
| Defendant. | § | |
| | § | |
| SAM WILSON d/b/a Wilson Oilfield Service, | § | |
| | § | |
| Counter Claimant, | § | |
| | § | |
| v. | § | |
| | § | |
| VISHAL ENTERPRISE | § | |
| | § | |
| Counter Defendant. | § | |

## JOINT STATUS REPORT

Pursuant to this Court's order, dated August 6, 2013, Vishal Enterprise, Plaintiff, and Sam Wilson d/b/a Wilson Oilfield Service, Defendant, file this their Joint Status Report and Proposed Discovery Plan:

    1.    **Brief statement of the nature of the case:**

*Plaintiff*:    In response to a request for bid proposals (the "**Tender**") from the Oil & Natural Gas Corporation Ltd., a Government of India Undertaking, Plaintiff interviewed various subcontractors and suppliers who were capable of acquiring the component parts of a work-over rig, assembling the component parts for inspection and approval, and disassembling, shipping, and reassembling the rig at the point of delivery in India. Wilson represented that he was a manufacturer of work-over rigs, that he had reviewed the Tender, and that he could fabricate and

supply a work-over rig meeting or exceeding the Tender's technical specifications and conforming to the standards of the American Petroleum Institute (the "**API Standards**"). Specifically, Wilson, as "owner/operator" of "M/s. Wilson Oilfield Services," executed a series of documents in which he certified, among other things, that he would fabricate and supply a rig that conformed to the API Standards, that he operated as a sole proprietorship, and that he would be individually liable for the acts and omissions of "M/s. Wilson Oilfield Services".

The parties ultimately entered into a contract under which Wilson agreed to perform the work required by the Tender – namely, the construction of a 2008 Moor Double Triple Work-Over Rig, bearing serial number TAS5530B (the "**Rig**") at a cost of $1,300,000. Wilson estimated a completion time of 6 to 8 weeks and expressly included instructions to wire payment to the account of "Sam Wilson DBA Wilson Oilfield Service." Plaintiff made periodic payments to Wilson, which totaled $1,310,000. Per Wilson's instructions, payments were made to Wilson's personal account.

Although substantial payments were made towards the purchase of the Rig, progress on the project was slow and Wilson had difficulty providing the documentation and information required by Plaintiff to process payments. On March 8, 2011, after Wilson had received a wire transfer of $100,000 (bringing the total consideration paid to Wilson to $655,000 as of that date), Wilson declared a breach and demanded payment of $1,600,000 to complete construction of the Rig.

Following the declaration of default and based upon representations of Wilson regarding the completion date of the Rig, the parties reached a resolution. On March 10, 2011, Plaintiff sent Wilson by wire transfer $395,000, bringing the total amount paid to date of $1,050,000. Despite the substantial payments and Wilson's representations, progress on the Rig continued to languish.

On June 16, 2011, Wilson informed Plaintiff that the Rig was still 32 days away from completion. Wilson also advised Plaintiff that he had located a potential purchaser of the Rig. The potential purchaser was allegedly willing to pay approximately $800,000 over Plaintiff's purchase price. Wilson, however, informed Plaintiff that the Rig would have to be completed no later than July 18, 2011 and that he would be unable to meet this requirement unless Plaintiff paid Wilson the $260,000 remaining under the parties' agreement (although these funds were not yet due). Despite the slow progress on the construction of the Rig, Plaintiff paid Wilson an additional $130,000 to facilitate Wilson's completion of the work.

Although Wilson had agreed to complete the Rig based upon Plaintiff's payment of the $130,000, Wilson again re-traded the deal. On July 13, 2011, Wilson notified Plaintiff that he could not finish the Rig within the next five days unless Plaintiff released the remaining $130,000 and without the additional funds the Rig would not be ready for inspection by the potential purchaser on July 18, 2011. Plaintiff refused.

On July 28, 2011, Wilson increased his demands by giving Plaintiff two options: (1) Plaintiff could purchase the Rig outright for $1,650,000 in its current incomplete condition; or (2) Plaintiff could pay $2,600,000 for Wilson to complete the Rig per the original specifications. After some negotiations, Plaintiff funded the remaining $130,000 based upon Wilson's promise to complete the Rig. Wilson failed and refused to perform as promised and failed and refused to relinquish control of the Rig and/or its component parts to Plaintiff.

Unbeknownst to Plaintiff, on or about November 4, 2010, Wilson filed a certificate of formation with the Texas Secretary of State to incorporate an entity called "Wilson Oilfield Services, Inc." ("**WOS**"). Importantly, Wilson utilized the names "Wilson Oilfield Service" and "Wilson Oilfield Services, Inc." interchangeably, both before and after the filing of the certificate of formation. In creating WOS, Wilson intentionally chose a name that was deceptively similar to the name under which Wilson had conducted business as a sole proprietor. In doing so, Wilson knew or should have known that Plaintiff was relying upon Wilson's material representation that Wilson was operating as a sole proprietorship. Upon information and belief, Wilson intentionally concealed, or in the alternative failed to disclose, that WOS had been formed and that Wilson intended for the contracting party under the parties' agreement to be WOS, despite his representations to the contrary. Importantly, the parties' agreement and the first payments were made before WOS had been formed. After receiving the benefit of payments of $1,310,000 into his personal account, and after having defaulted in the performance of his obligations under the Price Quote and the Supply Order, Wilson placed WOS in Chapter 7 liquidation under the United States Bankruptcy Code and listed the Rig as property of the bankruptcy estate of WOS[1].

Upon information and belief, Wilson never intended to perform under the parties' agreement and had formed a scheme to extort from Plaintiff nearly twice the parties' agreed upon price to construct the Rig. Wilson engaged in a pattern and practice of diverting a substantial portion of the contract proceeds for uses other than construction of the Rig. Specifically, upon information and belief, Wilson transferred substantial portions of the contract proceeds to himself and insiders of Wilson. Additionally, upon information and belief, Wilson utilized the proceeds for improper purposes such as paying off a loan on his personal residence, lavish gifts to friends, extraordinary charitable donations, paying off loans for household furnishings, and for gambling. In fact, from and after Wilson's June 16, 2011 demand, it appears that virtually every dollar that Wilson received from Plaintiff was spent gambling or at gaming facilities despite Wilson's promises and representations that the funds would be used to complete the Rig.

As a direct and proximate result of Wilson's actions, Plaintiff has suffered damages of at least $1,857,283.81, including payments to Wilson of $1,310,000, interest costs through March 31, 2013 of $345,328, attorney's fees and costs of $101,955.81, and traveling expenses of $100,000. Plaintiff seeks to recover damages from Wilson based upon theories of breach of

---

[1]   Nothing herein should be construed to assert any claims against WOS or property of the bankruptcy estate of WOS in violation of 11 U.S.C. § 362.

contract, breach of warranty, conversion, alter ego, unjust enrichment, fraud, and fraudulent inducement.

*Defendant*:

This case involves a contract dispute over the construction of an oil rig. Defendant is an individual based in Graham, Texas providing oilfield services. Plaintiff, Vishal Enterprises ("Vishal"), is based in India and engaged Wilson to construct a Double Triple Oil Rig. The agreement contained specific payment terms which were crucial to Wilson's ability to perform under the agreement. Defendant breached the agreement by not making the required payments timely. Defendant Vishal was notified of this breach on March 8, 2011 and failed to cure or perform its obligations under the agreement. As a result of Plaintiff's breach, Wilson was forced to procure replacement components at higher costs, has lost revenue and the opportunity to bid on or obtain other projects, and has incurred additional labor, transactional and insurance costs for which he seeks damages in addition to reasonable and necessary attorneys fees pursuant to Tex. Civ. Prac. & Rem. C. § 37.009 and Tex. Civ. Prac. & Rem. C. § 38.001(1), (2), (3) and (8).

2. **Challenges to jurisdiction or venue**

Plaintiff alleges that venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1391 in that (a) Defendant resides in the Northern District of Texas, (b) a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in the Northern District of Texas, Dallas Division, and (c) Defendant was subject to personal jurisdiction in the Northern District of Texas, Dallas Division.

Defendant contends that venue is proper in the Northern District of Texas, Wichita Falls Division as Defendant resides in that division and no substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in the Dallas Division.   No party resides in the Dallas Division.   The Plaintiff resides in India, based upon information and belief.

3. **Pending or contemplated motions and proposed time limits for filing motions:**

The Parties jointly propose February 17, 2014 as the deadline to file dispositive motions, and March 21, 2014 for filing non-dispositive motions.

Plaintiff is contemplating a motion for leave to join recipients of Defendant's fraudulent transfers and to amend plaintiff's complaint to allege additional facts and causes of action that were discovered after Plaintiff filed its Original Complaint.

Defendant is contemplating a motion to transfer venue to the Northern District of Texas, Wichita Falls Division.

**4.     Matters requiring conference with the Court:**

None.

**5.     Deadline for amendment of pleading and likelihood that other parties will be joined:**

The Parties jointly propose October 1, 2013 as the deadline for amending pleadings. The deadline for filing responsive pleadings, if any, is October 15, 2013.

Plaintiff may join recipients of Defendant's fraudulent transfers.

**6.     The Dondi decision; Civil Justice Expense Plan:**

Counsel have read the Dondi decision and have read, and are familiar with, the district's Civil Justice Expense and Delay Reduction Plan, as amended in May 2002.

**7.     Trial:**

The parties request a trial date of June 16, 2014.

The Parties estimate that the trial will take 7 to 8 days.

Defendant has requested a trial by jury.

**8.     Trial before a Magistrate Judge:**

The Parties do not consent to a trial before a Magistrate Judge.

**9.     Prospects for Settlement/Status of Negotiations:**

Counsel have conferred regarding the possibility of an early settlement.   The parties have been unable to make any significant headway.

**10.    Mediation:**

Plaintiff agrees to formal mediation after the close of discovery.   The parties have not agreed to a mediator.

Defendant believes that time is of the essence because of the impact of this dispute on its revenue stream and the related damages pled. Accordingly, the best chance of settlement is in the very near future,     and the longer the dispute continues the lower the odds of successfully resolving it short of trial. Accordingly, Plaintiff believes mediation is appropriate, warranted and would be most cost effective with the highest chance of success if conducted during October, 2013.   The contract made the basis of this suit has already been litigated extensively in the case

styled *Wilson Oilfield Services, Inc. vs. Vishal Enterprise, et al.*, Civil Action No. 7:11-cv-00111-O, In The United States District Court For The Northern District Of Texas, Wichita Falls Division. An executed mediation agreement was entered into in that suit. That suit is stayed due to a Chapter 7 Bankruptcy filing by Wilson Oilfield Services, Inc..

**11.   Other relevant matters:**

None at this time.

**12.   Proposed Discovery Control Plan:**

**Initial Disclosures:**

The Parties will make initial disclosures as required under Rule 26(a) by September 16, 2013.

**Discovery:**

The Parties agree that all discovery will be completed by March 7, 2014.

Plaintiff anticipates conducting discovery from Defendant, Defendant's financial institutions, alleged suppliers of labor and material for the construction of the Rig, and the recipients of Defendant's fraudulent transfers.

Plaintiff proposes that discovery should not be limited in any way. Plaintiff did not have an opportunity to conduct substantive discovery in the form of depositions or expert discovery in the case filed by Wilson Oilfield Services prior to the bankruptcy filing.

Defendant proposes that discovery be done in accordance with the FRCP. Extensive discovery in the case styled *Wilson Oilfield Services, Inc. vs. Vishal Enterprise, et al.*, Civil Action No. 7:11-cv-00111-O, In The United States District Court For The Northern District Of Texas, Wichita Falls Division has already been done with regard to the identical contract made the basis of this suit. Minimal discovery should be necessary in this case, and immediate mediation is warranted in the interests of both parties.

**Expert Designations:**

The deadline for designation of experts are as follows:

(a) for parties seeking affirmative relief –   December 20, 2013;

(b) for parties other than those seeking affirmative relief – January 20, 2014.

**Pleadings:**

The deadline for filing affirmative pleadings will be October 1, 2013.

Responsive pleadings will be filed by October 15, 2013.

**Joinder:**

The joinder deadline will be October 1, 2013.

        Respectfully submitted,

        **LANGLEY WEINSTEIN LLP**

        By: */s/ Gregory M. Weinstein*
           Gregory M. Weinstein
           State Bar No. 21096430
           Dennis C. Sauter, Jr.
           State Bar No. 24033163
           901 Main Street, Suite 600
           Dallas, Texas 75202
           Telephone:   214.722.7160
           Facsimile:   214.722.7161

        **ATTORNEYS FOR PLAINTIFF VISHAL ENTERPRISE**

        *AND*

        **MONTE J. WHITE & ASSOCIATES, PC**

        By: /s/ Monte J. White
           Monte J. White
           State Bar No. 00785232
           1106 Brook Ave
           Wichita Falls, Texas 76301
           Telephone:   940.723.0099
           Facsimile:   940.723.0096

        **ATTORNEYS FOR DEFENDANT SAM WILSON D/B/A WILSON OILFILED SERVICES**